IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASHLEY K.,                                  *
                                            *
            Plaintiff,                      *
                                            *
        vs.                                 *          Civil Action No.   ADC-19-1751
                                            *
COMMISSIONER, SOCIAL SECURITY               *
ADMINISTRATION,[1]                          *
                                            *
            Defendant.                      *
                                            *
        * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MEMORANDUM OPINION

On June 17, 2019, Ashley K. ("Plaintiff") Petitioned this Court to review the Social Security Administration's ("SSA") final decision to deny her claim for Supplemental Security Income ("SSI"). *See* ECF No. 1 (the "Complaint"). After consideration of the Complaint and the parties' cross-motions for summary judgment (ECF Nos. 12, 16), the Court finds that no hearing is necessary. *See* Loc.R. 105.6 (D.Md. 2018). For the reasons that follow, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, and Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED.

## PROCEDURAL HISTORY

On December 1, 2015, Plaintiff filed a Title XVI application for SSI, alleging disability beginning on January 2, 2010. Her claims were denied initially and upon reconsideration on October 24, 2016, and January 12, 2017, respectively. On May 6, 2017, Plaintiff filed a written request for a hearing and, on February 6, 2018, an Administrative Law Judge ("ALJ") presided

---

[1] Currently, Andrew Saul serves as the Commissioner of the Social Security Administration.

over a hearing. On May 9, 2018, the ALJ rendered a decision ruling that Plaintiff "ha[d] not been under a disability within the meaning of the Social Security Act [the "Act"] since December 1, 2015, the date the application was filed." ECF No. 9 at 21.[2] Thereafter, Plaintiff filed an appeal, and on April 15, 2019, the Appeals Council affirmed the ALJ's decision. Thus, the decision rendered by the ALJ became the final decision of the SSA. *See* 20 C.F.R. § 416.1481 (2018); *see also Sims v. Apfel*, 530 U.S. 103, 106–07 (2000).

On June 17, 2019, Plaintiff filed the Complaint in this Court seeking judicial review of the SSA's denial of his disability application. On February 5, 2020, Plaintiff filed a Motion for Summary Judgment, and Defendant filed a Motion for Summary Judgment on June 11, 2020. Plaintiff did not file a response, and the time to do so has passed.[3] This matter is now fully briefed, and the Court has reviewed both parties' motions.

## STANDARD OF REVIEW

"This Court is authorized to review the [SSA]'s denial of benefits under 42 U.S.C. § 405(g)." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (citation omitted). The Court, however, does not conduct a *de novo* review of the evidence. Instead, the Court's review of an SSA decision is deferential, as "[t]he findings of the [SSA] as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g); *see Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996) ("The duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court."); *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986) ("We do not conduct a *de novo* review of the evidence, and the [SSA]'s finding of non-disability is to be upheld,

---

[2] The Court cites to the page numbers generated by the CM/ECF filing system.

[3] On July 9, 2020, in accordance with 28 U.S.C. § 636 and Local Rules 301 and 302 of the United States District Court for the District of Maryland and upon consent of the parties, this case was transferred to United States Magistrate Judge A. David Copperthite for all proceedings.

even if the court disagrees, so long as it is supported by substantial evidence." (citations omitted)). Therefore, the issue before the reviewing court is not whether the plaintiff is disabled, but whether the ALJ's finding that the plaintiff is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law. *Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 267 (4th Cir. 2017) ("[A] reviewing court must uphold the [disability] determination when an ALJ has applied correct legal standards and the ALJ's factual findings are supported by substantial evidence." (citation and internal quotation marks omitted)).

"Substantial evidence is that which a reasonable mind might accept as adequate to support a conclusion. It consists of more than a mere scintilla of evidence but may be less than a preponderance." *Pearson v. Colvin*, 810 F.3d 204, 207 (4th Cir. 2015) (internal citations and quotation marks omitted). "In reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ. Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012) (internal citations and quotation marks omitted). Therefore, in conducting the "substantial evidence" inquiry, the court shall determine whether the ALJ has considered all relevant evidence and sufficiently explained the weight accorded to that evidence. *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997).

### DISABILITY DETERMINATIONS AND BURDEN OF PROOF

In order to be eligible for SSI, a claimant must establish that she is under disability within the meaning of the Act. The term "disability," for purposes of the Act, is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected

3

to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). A claimant shall be determined to be under disability where "h[er] physical or mental impairment or impairments are of such severity that [s]he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

In determining whether a claimant has a disability within the meaning of the Act, the ALJ, acting on behalf of the SSA, follows the five-step evaluation process outlined in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Mascio v. Colvin*, 780 F.3d 632, 634–35 (4th Cir. 2015). The evaluation process is sequential, meaning that "[i]f at any step a finding of disability or nondisability can be made, the SSA will not review the claim further." *Barnhart v. Thomas*, 540 U.S. 20, 24 (2003); *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, the ALJ considers the claimant's work activity to determine if the claimant is engaged in "substantial gainful activity." 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). If the claimant is engaged in "substantial gainful activity," then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 404.1520(b), 416.920(a)(4)(i), 416.920(b).

At step two, the ALJ considers whether the claimant has a "severe medically determinable physical or mental impairment [or combination of impairments] that meets the duration requirement[.]" 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). If the claimant does not have a severe impairment or combination of impairments meeting the durational requirement of twelve months, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(ii), 404.1520(c), 416.909, 416.920(a)(4)(ii), 416.920(c).

At step three, the ALJ considers whether the claimant's impairments, either individually or in combination, meet or medically equal one of the presumptively disabling impairments listed in the Code of Federal Regulations. 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If the impairment meets or equals one of the listed impairments, then the claimant is considered disabled, regardless of the claimant's age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

Prior to advancing to step four of the sequential evaluation, the ALJ must assess the claimant's residual functional capacity ("RFC"), which is then used at the fourth and fifth steps of the analysis. 20 C.F.R. §§ 404.1520(e), 416.920(e). RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996). The ALJ must consider even those impairments that are not "severe." 20 C.F.R. § 404.1545(a)(2).

In determining RFC, the ALJ evaluates the claimant's subjective symptoms (e.g., allegations of pain) using a two-part test. *Craig v. Chater*, 76 F.3d 585, 594 (4th Cir. 1996); 20 C.F.R. § 404.1529. First, the ALJ must determine whether objective evidence shows the existence of a medical impairment that could reasonably be expected to produce the actual alleged symptoms. 20 C.F.R. § 404.1529(b). Once the claimant makes that threshold showing, the ALJ must evaluate the extent to which the symptoms limit the claimant's capacity to work. 20 C.F.R. § 404.1529(c)(1). At this second stage, the ALJ must consider all the available evidence, including medical history, objective medical evidence, and statements by the claimant. 20 C.F.R. § 404.1529(c). The ALJ must assess the credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of severity of impairment than is shown by solely objective

medical evidence. SSR 16-3p, 2017 WL 5180304, at *2–13 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as the claimant's daily activities, treatments he has received for his symptoms, medications, and any factors contributing to functional limitations. *Id.* at *6–8.

At step four, the ALJ considers whether the claimant is able to perform past relevant work based on the determined RFC. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). If the claimant can still perform past relevant work, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1520(f), 416.920(a)(4)(iv), 416.920(f).

Where the claimant is unable to resume past relevant work, the ALJ proceeds to the fifth and final step of the sequential analysis. During steps one through four of the evaluation, the claimant has the burden of proof. 20 C.F.R. §§ 404.1520, 416.920; *see Bowen v. Yuckert*, 482 U.S. 137, 146 (1987); *Radford*, 734 F.3d at 291. At step five, however, the burden of proof shifts to the ALJ to prove: (1) that there is other work that the claimant can do, given the claimant's age, education, work experience, and RFC (as determined at step four), and; (2) that such alternative work exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *see Hancock*, 667 F.3d at 472–73; *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). If the claimant can perform other work that exists in significant numbers in the national economy, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g)(1), 404.1560(c), 416.920(a)(4)(v). If the claimant cannot perform other work, then the claimant is disabled. *Id.*

## ALJ DETERMINATION

In the instant matter, the ALJ performed the sequential evaluation and found at step one that Plaintiff "ha[d] not engaged in substantial gainful activity since December 1, 2015, the application date." ECF No. 9 at 22. At step two, the ALJ found that Plaintiff had severe

impairments of "depression, anxiety, post-traumatic stress disorder, and panic disorder with agoraphobia." *Id.* at 23. At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1. *Id.* at 24. The ALJ then determined that Plaintiff had the RFC:

> to perform a full range of work at all exertional levels but with the following non-exertional limitations: [Plaintiff] is limited to performing simple, routine tasks, but she can apply commonsense understanding to carry out detailed but uninvolved instructions. [Plaintiff] can never perform production-rate work where each job task must be completed within strict time periods. [Plaintiff] is limited to making simple work-related decisions with only occasional changes in the routine work setting. [Plaintiff] is limited to occasional interaction with supervisors and coworkers, and she can have no required interaction with the public. Time off task during the workday can be accommodated by normal breaks.

*Id.* at 26. The ALJ then determined at step four that Plaintiff had no past relevant work. *Id.* at 30. Finally, at step five, the ALJ found "[c]onsidering [Plaintiff's] age, education, work experience, and [RFC], there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform." *Id.* Thus, the ALJ concluded that Plaintiff "ha[d] not been under a disability, as defined in the [Act], since December 1, 2015, the date the application was filed." *Id.* at 31.

## DISCUSSION

Plaintiff raises several allegations of error on appeal: (1) the ALJ failed to engage in a narrative discussion during his RFC analysis; (2) the ALJ improperly used the term "production-rate work" in his RFC finding; (3) the ALJ improperly accounted for Plaintiff's moderate impairment in concentrating, persisting, or maintaining pace in his RFC finding; (4) the ALJ improperly accounted for Plaintiff's moderate impairment in understanding, remembering, and applying information in his RFC finding; and (5) the ALJ improperly evaluated Plaintiff's

credibility under *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017). The Court is unpersuaded by these arguments, and each alleged error is addressed below.

**1. The ALJ's RFC Analysis Is Supported by Substantial Evidence.**

Several of Plaintiff's arguments challenge the ALJ's RFC findings. In determining RFC specifically, an ALJ must consider the entire record, opinion evidence, impairments that are not severe, and any limitations the ALJ finds. 20 C.F.R. §§ 404.1545(a), 416.945(a) (ordering the ALJ to consider the entire record); SSR 96-8p, 1996 WL 374184, at *2 (defining the RFC as an assessment of an individual's ability to perform vocational-related physical and mental activities). Furthermore, it is the duty of the ALJ to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979)).

Social Security Ruling ("SSR") 96-8p provides the proper framework for evaluating a claimant's RFC. Specifically, the Ruling provides:

> The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

SSR 96-8p, 1996 WL 374184, at *7 (footnote omitted). Furthermore, "[t]he Ruling instructs that the [RFC] 'assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions' listed in the regulations. Only after that may [the RFC] be expressed in terms of the exertional levels of work[:] sedentary, light, medium, heavy, and very heavy." *Mascio v. Colvin*, 780 F.3d

632, 636 (4th Cir. 2015) (footnote omitted) (quoting SSR 96-8p, 1996 WL 374184). The Fourth

Circuit, however, found that a per se rule requiring remand when an ALJ does not perform "an

explicit function-by-function analysis" is inappropriate, because "remand would prove futile in

cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting

*Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). Instead, the Court found "[r]emand may be

appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions,

despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis

frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177) (alterations in original).

     A. *The ALJ engaged in a sufficient narrative discussion of his findings.*

     Plaintiff first contends the ALJ did not properly provide a narrative discussion describing

how the evidence supports his RFC findings. ECF No. 12-1 at 5–8. In *Mascio v. Colvin*, the Fourth

Circuit specifically found that the ALJ did not perform a proper function-by-function analysis

because while "the ALJ concluded that Mascio can perform certain functions, he said nothing

about Mascio's ability to perform them for a full workday." *Mascio*, 780 F.3d at 637. The ALJ's

conclusion was inappropriate because the reviewing courts were "left to guess about how the ALJ

arrived at his conclusions on Mascio's ability to perform relevant functions." *Id.* In *Thomas v.*

*Berryhill*, 916 F.3d 307 (4th Cir. 2019), the Fourth Circuit specifically provided "a proper RFC

analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion. The

second component, the ALJ's logical explanation, is just as important as the other two." *Id.* at 311.

The Fourth Circuit in *Thomas* "simply ask[ed] the ALJ to give [the court] a clearer window into

her reasoning." *Id.* at 313.

     Here, the ALJ properly performed all three components of an RFC analysis. The ALJ

thoroughly discussed Plaintiff's hearing testimony, her mother's hearing testimony, her medical

history and records, and the medical expert opinions. Throughout this discussion, the ALJ identified sufficiently discrepancies in the evidence and how he balanced the evidence accordingly. As the SSA aptly stated in its Motion for Summary Judgment, Plaintiff's argument regarding this point consists merely of boilerplate language that is unpersuasive to this Court. ECF No. 16-1 at 5–6. Accordingly, the ALJ's narrative discussion during his RFC findings is not a basis for remand.

   *B. The ALJ properly defined the term "production-rate work".*

   Plaintiff also challenges the ALJ's use of the term "production-rate work." ECF No. 12-1 at 8–11. Plaintiff points to the Fourth Circuit's opinion in *Thomas v. Berryhill* to bolster her argument that the ALJ's use of this term is a basis for remand. *Id.* at 10. In *Thomas*, the Fourth Circuit found that the underlying ALJ's analysis "fail[ed] to provide a logical explanation of how she weighed the record evidence and arrived at her RFC findings." 916 F.3d at 311. One of the four errors the court found the ALJ made during the RFC analysis was that the ALJ did not provide the court "enough information to understand" the restriction that claimant "could not perform work 'requiring a production rate or demand pace.'" *Id.* at 311–12. The Fourth Circuit found that "[c]ombined, the above-listed missteps in the ALJ's RFC evaluation frustrate our ability to conduct meaningful appellate review." *Id.* at 312.

   In interpreting *Thomas v. Berryhill*, this Court has encountered two categories of scenarios regarding an ALJ's use of "production rate pace," or similar terms: scenarios in which the ALJ provided a definition for the term, and scenarios in which the ALJ did not. In *Teresa B. v. Commissioner, Social Security Administration*, No. SAG-18-2280, 2019 WL 2503502 (D.Md. June 17, 2019), the ALJ in the underlying decision "included an RFC provision limiting Plaintiff to 'no work requiring a high-quota production-rate pace (i.e., rapid assembly line work where co-workers are side-by-side and the work of one affects the work of the other)." *Id.* at *2. The Court

in this case found that the ALJ's use of "production-rate pace" was acceptable because he included a definition for the term immediately thereafter. *Id.* On the other hand, in *Travis X. C. v. Saul*, No. GJH-18-1210, 2019 WL 4597897 (D.Md. Sept. 20, 2019), the ALJ in the underlying decision included an RFC provision that the plaintiff "can perform jobs consisting of simple (1- to 3-step tasks), routine, and repetitive tasks, in a work environment without production rate pace." *Id.* at *2. The ALJ in that case did not include a definition or explanation of what he meant by "production rate pace." *Id.* at *5. The Court, therefore, found "the ALJ did not provide the proper 'logical bridge'" to support his use of the term "production rate pace," and the Court was "left to guess" the basis of the term, warranting remand. *Id.*

Here, the ALJ's use of "production-rate work" is more analogous to *Teresa B.* because he provided a definition of the term immediately after using it. Specifically, the ALJ stated, "[Plaintiff] can never perform production-rate work where each job task must be completed within strict time periods." ECF No. 9 at 26. This definition is sufficient for the Court to understand and appropriately review the meaning of the term "production-rate work." It is a term that accounts for Plaintiff's limitations in concentrating, persisting, or maintaining pace, *see infra* Part 1.C.i., by ensuring Plaintiff cannot be in a work environment that requires her to maintain a consistent pace regulated by consistently completing tasks within set time periods. Accordingly, because the ALJ properly defined the term "production-rate work," his use of the term is not a basis for remand.

*C.   The ALJ properly accounted for Plaintiff's mental impairments.*

Plaintiff contends the ALJ improperly accounted for her moderate limitations in concentrating, persisting, or maintaining pace and understanding, remembering, or applying information. ECF No. 12-1 at 11–14. At step three of the sequential evaluation, the ALJ must determine whether the claimant's impairments meet or equal one or more of the impairments listed

in 20 C.F.R. pt. 404, subpt. P, app. 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00. "Each [L]isting therein, consists of: (1) a brief statement describing its subject disorder; (2) 'paragraph A criteria,' which consists of a set of medical findings; and (3) 'paragraph B criteria,' which consists of a set of impairment-related functional limitations." *Rayman v. Comm'r, Soc. Sec. Admin.*, No. SAG-14-3102, 2015 WL 6870053, at *2 (D.Md. Nov. 6, 2015) (citing 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)). If the paragraph A and paragraph B criteria are satisfied, the ALJ will find that the claimant meets the listed impairment. *Id.*

Paragraph B provides the functional criteria assessed by the ALJ and consists of four broad functional areas: (1) understand, remember, or apply information; (2) interact with others; (3) concentrate, persist, or maintain pace; and (4) adapt or manage oneself. 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b). The ALJ employs a "special technique" to rate the degree of a claimant's functional limitations in these areas. 20 C.F.R. §§ 404.1520a(b), 416.920a(b). The ALJ's evaluation must determine "the extent to which [the claimant's] impairment(s) interferes with [the] ability to function independently, appropriately, effectively, and on a sustained basis" and must include a specific finding as to the degree of limitation in each of the four functional areas. 20 C.F.R. §§ 404.1520a(c), 416.920a(c). The ALJ uses a five-point scale to rate a claimant's degree of limitation in these areas: none, mild, moderate, marked, and extreme. 20 C.F.R. §§ 404.1520a(c)(4), 416.920a(c)(4). "To satisfy the paragraph B criteria, [a claimant's] mental disorder must result in 'extreme' limitation of one, or 'marked' limitation of two, of the four areas of mental functioning." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(A)(2)(b).

> i.   The ALJ properly accounted for Plaintiff's limitation in concentrating, persisting, or maintaining pace.

The functional area of concentrate, persist, or maintain pace "refers to the abilities to focus attention on work activities and stay on task at a sustained rate." 20 C.F.R. pt. 404, subpt. P, app. 1, 12.00(E)(3). According to the regulations, examples of the ability to focus attention and stay on task include:

> Initiating and performing a task that [the claimant] understand[s] and know[s] how to do; working at an appropriate and consistent pace; completing tasks in a timely manner; ignoring or avoiding distractions while working; changing activities or work settings without being disruptive; working close to or with others without interrupting or distracting them; sustaining an ordinary routine and regular attendance at work; and working a full day without needing more than the allotted number or length of rest periods during the day.

*Id.* In *Mascio*, the United States Court of Appeals for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including the inadequacy of the ALJ's evaluation of "moderate difficulties" in concentration, persistence, or pace. 780 F.3d at 638. Specifically, the Fourth Circuit recognized a difference between the ability to perform simple tasks and the ability to stay on task, stating that the latter ability concerns the broad functional area of concentration, persistence, or pace. *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation as to why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand was necessary. *Id.*

Plaintiff contends that the ALJ erred in formulating his RFC finding by failing to explain how Plaintiff's impairments would be accommodated by normal breaks. On the contrary, throughout the ALJ's analysis, he references many factors that support this finding. For example, Plaintiff's activities of daily living ("ADLs") are robust and include several activities, such as reading, that require sustained concentration. ECF No. 9 at 28. Furthermore, Plaintiff's September 2017 treatment records indicate she had a "focused attention span." *Id.* at 25 (citing ECF No. 9 at

628). Finally, as illustrated above, the ALJ's RFC limitation that Plaintiff cannot perform "production-rate work" properly accounts for her moderate impairment in concentrating, persisting, or maintaining pace throughout the workday. *See supra* Part 1.A. Accordingly, this is not an appropriate basis for remand.

ii.   The ALJ properly accounted for Plaintiff's limitation in understanding, remembering, or applying information.

Plaintiff next alleges that the ALJ failed to "properly evaluate pertinent evidence" regarding Plaintiff's moderate impairment in understanding, remembering, or applying information. She supports this argument by stating the ALJ found "Plaintiff possessed the [RFC] to carry out detailed instructions, without limitation." ECF No. 12-1 at 13. Not so. The ALJ fully found Plaintiff could "apply commonsense understanding to carry out detailed but uninvolved instructions." ECF No. 9 at 26. Contrary to Plaintiff's assertions, the ALJ detailed the weight he gave to the medical expert opinions and explained which details of the opinions he found most persuasive. The evidence was not "simply ignored" as Plaintiff contends. The ALJ's full finding, as opposed to the truncated version supplied by Plaintiff, adequately accounts for Plaintiff's moderate limitation in understanding, remembering, or applying information. Accordingly, this is not a sufficient basis for remand.

**2.   The ALJ Properly Evaluated Plaintiff's Credibility and Subjective Complaints.**

Plaintiff finally contends the ALJ improperly evaluated her credibility contrary to *Lewis v. Berryhill*. ECF No. 12-1 at 15–17. The United States Court of Appeals for the Fourth Circuit laid out the two-step process for evaluating whether a person is disabled by pain and other symptoms under 20 C.F.R. §§ 404.1529 and 416.929:

Under the regulations implementing the [Act], an ALJ follows a two-step analysis when considering a claimant's subjective statements about impairments and symptoms. First, the ALJ looks for objective medical evidence showing a condition

14

> that could reasonably produce the alleged symptoms. Second, the ALJ must
> evaluate the intensity, persistence, and limiting effects of the claimant's symptoms
> to determine the extent to which they limit the claimant's ability to perform basic
> work activities. The second determination requires the ALJ to assess the credibility
> of the claimant's statements about symptoms and their functional effects.

*Lewis*, 858 F.3d at 865–66 (internal citations omitted); *see also Craig*, 76 F.3d at 594 (describing

the two-step process). At the second stage, the ALJ must consider all the available evidence,

including the claimant's medical history, medical signs, statements by the claimant and her treating

or examining physicians, objective medical evidence of pain, and any other information proffered

by the claimant. 20 C.F.R. §§ 404.1529(c)(1)–(3), 416.929(c)(1)–(3). The ALJ must assess the

credibility of the claimant's statements, as symptoms can sometimes manifest at a greater level of

severity of impairment than is shown by solely objective medical evidence. SSR 16-3p, 2017 WL

5180304, at *1–12 (Oct. 25, 2017). To assess credibility, the ALJ should consider factors such as

the claimant's ability to perform daily activities, activities that precipitate or aggravate the

symptoms, medications and treatments used, and other methods used to alleviate the symptoms.

*Id.* at *6.

In addition, the ALJ should consider inconsistencies in the evidence to determine whether

a claimant's subjective claims regarding her pain symptoms can reasonably be accepted. 20 C.F.R.

§§ 404.1529(c)(4), 416.929(c)(4). Subjective symptoms of pain, standing alone, cannot sustain a

finding of disability and a claimant must substantiate her allegations of pain. 20 C.F.R. §§

404.1529, 416.929; *see also Mickles v. Shalala*, 29 F.3d 918, 923 (4th Cir. 1994) (stating that pain

may render claimant incapable of working independent of any physical limitation, but allegations

of pain alone are insufficient to find a disability). "According to the regulations, the ALJ 'will not

reject [a claimant's] statements about the intensity and persistence of [her] pain or other symptoms

or about the effect [the claimant's] symptoms have on [her] ability to work solely because the

15

available objective medical evidence does not substantiate [the claimant's] statements.'" *Lewis*, 858 F.3d at 866 (quoting 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)). The ALJ, therefore, is required to make a finding regarding a claimant's credibility and should specifically refer to the evidence supporting that finding, *Hammond v. Heckler*, 765 F.2d 424, 426 (4th Cir. 1985) (per curiam), but the ALJ cannot discount Plaintiff's subjective evidence of pain solely based on objective medical findings, *Lewis*, 858 F.3d at 866 (citing 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2)).

Plaintiff alleges the ALJ improperly used her ADLs to discount her credibility without considering the extent to which she can perform these activities. ECF No. 12-1 at 15–16. Plaintiff fails to discuss, however, the other bases on which the ALJ found Plaintiff not fully credible. The medical evidence of record was inconsistent with Plaintiff's testimony regarding the severity of her impairments. For example, Plaintiff's anxiety and depression are consistently alleviated with medication when Plaintiff chooses to take it. ECF No. 9 at 27 (first citing ECF No. 9 at 456 (documenting Plaintiff saying "I feel a difference" when requesting a refill for Zoloft and other medications), then citing ECF No. 9 at 570, 575 (noting a difference in Plaintiff's mood after beginning Abilify two months prior)). Additionally, Plaintiff's treatment records consistently reflect that she exhibits normal affect and mood, intact judgment, alertness and cooperation, and organized associations. ECF No. 9 at 27 (citing ECF No. 9 at 570, 595). Taken together, the ALJ cited sufficient objective medical evidence to discount Plaintiff's credibility regarding her subjective complaints. Accordingly, the ALJ did not err in evaluating Plaintiff's credibility, and this is not a basis for remand.

<u>**CONCLUSION**</u>

In summation, the Court finds that the ALJ properly found that Plaintiff was "not disabled" within the meaning of the Act since December 1, 2015, the date the application was filed. Pursuant to 42 U.S.C. § 405(g), "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Therefore, based on the foregoing, Plaintiff's Motion for Summary Judgment (ECF No. 12) is DENIED, Defendant's Motion for Summary Judgment (ECF No. 16) is GRANTED, and the decision of the SSA is AFFIRMED. The clerk is directed to CLOSE this case.


Date: <u>August 6, 2020</u>                              <u>        /s/        </u>
                                                    A. David Copperthite
                                                    United States Magistrate Judge